**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

VINCENT MCTAGGART,

        Plaintiff,

v.                                              CIVIL CASE NO. 05-73183
                                                   HON. MARIANNE O. BATTANI

UNITED WISCONSIN INSURANCE
COMPANY,

        Defendant.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO**
**REMAND AND GRANTING DEFENDANT'S MOTION TO DISMISS**

**I.    INTRODUCTION**

Before the Court is Defendant's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6) (Doc. #2), and Plaintiff's Motion to Remand Action to State Court (Doc. #4). Plaintiff originally filed his complaint in the St. Clair County Circuit Court, where he asserted various state law causes of action. Specifically, Plaintiff alleged breach of contract, fraud and misrepresentation, and violation of Michigan's Uniform Trade Practices Act ("UTPA"). Plaintiff's claims arise from a long-term disability group insurance policy that was issued on April 1, 1998, to Plaintiff's employer, PDS Rail Car Services Corporation ("PDS"). Plaintiff claims that Defendant improperly denied his claim for long-term disability benefits under the group policy. Defendant removed the action to federal court on August 17, 2005, alleging that the federal district court had jurisdiction pursuant to 28 U.S.C. §1331.

1

Defendant now seeks dismissal, alleging that Plaintiff's state law claims for breach of contract, fraud and misrepresentation, and violation of the Michigan Insurance Code and Uniform Trade Practices Act are preempted by ERISA. Defendant also contends that Plaintiff's claims fail to state cognizable claims as a matter of law and must be dismissed independently of whether they are preempted. Plaintiff seeks to have the action remanded to state court because Defendant has failed to make even a *prima facie* showing that the policy in question is a welfare benefit plan that is subject to the rules and regulations provided for under ERISA. Plaintiff contends that without a showing that there is in fact an ERISA welfare benefit plan involved, his complaint does not involve a federal question, and consequently, removal to this Court was improper and without jurisdiction.

## II.    STANDARD OF REVIEW

### A.    Motion to Remand

> In order to invoke the district court's removal jurisdiction, a defendant must show that the district court has original jurisdiction over the action. See 28 U.S.C. § 1441(a). The burden of showing that the district court has original jurisdiction is on the party seeking removal. See Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit, 874 F.2d 332, 339 (6th Cir.1989). Furthermore, because they implicate federalism concerns, removal statutes are to be narrowly construed. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

Long v. Bando Mfg. of Am., Inc., 201 F.3d 754, 757 (6th Cir. 2000). The defendant seeking removal must prove by a preponderance of the evidence that the jurisdictional facts it alleges are true. Gafford v. General Elec. Co., 997 F.2d 150, 158 (6th Cir. 1993).

### B.    Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows district courts to dismiss a complaint

which fails "to state a claim upon which relief may be granted." "This rule allows a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if every allegation in the complaint is true. Under this standard, a complaint should be dismissed only where it appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir.1993)." Tidik v. Ritsema, 938 F.Supp. 416, 421 (E.D. Mich. 1996).

Under certain circumstances, it is proper for a district court to consider matters outside of the pleadings when determining whether a motion under FED. R. CIV. P. 12(b) should be granted. See, e.g., Weiner v. Klais and Company, Inc., 108 F.3d 86, 88 (6th Cir. 1996)("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.").

### III.  ANALYSIS

In order for removal to be proper, two prerequisites must be met: 1) the insurance policy in question must be an ERISA welfare benefit plan, and; 2) Plaintiff's state common law or statutory claims are, in fact, preempted by ERISA.

In order to determine if the disability insurance policy falls under ERISA regulation, the three step Thompson analysis must be used. Thompson v. American Home Assur. Co., 95 F.3d 429, 434 (6th Cir. 1996). In the first step, the court must determine if the plan is exempt from ERISA under the Department of Labor regulations. "Second, the court must look to see if there was a 'plan' by inquiring whether 'from the surrounding circumstances a reasonable person [could] ascertain the intended benefits, the class of beneficiaries, the source of financing, and procedures for receiving benefits.'" Id., at 434-35 (citation omitted). Finally, the court must

determine whether the plan was established or maintained by the employer with the intent of providing benefits to its employees. Id., at 435.

The Department of Labor's regulations provide that the term "employee welfare benefit plan"

> shall not include a group or group-type insurance program offered by an insurer to employees or members of an employee organization, under which (1) No contributions are made by an employer or employee organization; (2) Participation the program is completely voluntary for employees or members; (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3-1(j). Because of the use of the conjunction "and" in the regulations, all four criteria must be met in order for the plan to be exempt. Based on the policy, which is considered part of Defendant's pleadings for this motion, Plaintiff's employer paid 100% of the premiums for the policy. Therefore, the plan is not exempt from ERISA regulation because the first requirement is not met: that no contributions are made by an employer or employee organization. 29 C.F.R. § 2510.3-1(j). Plaintiff alleges that he may or may not have made contributions to reimburse PDS, or that he in fact paid United Wisconsin directly. However, this does not rebut the policy language itself, and cannot be a basis to grant Plaintiff's motion to remand. Therefore, Defendant has established, by a preponderance of the evidence, that the policy was paid for, in its

entirety, by Plaintiff's employer and is not exempt from ERISA regulation by the Department of

Labor's test.

The second step is determined by applying the Dillingham test. Donovan v. Dillingham, 688 F.2d 1367 (11th Cir. 1982)(en banc), Thompson, 95 F.3d at 435. Under the Dillingham test, a plan is governed by ERISA regulation if a reasonable person should be able to ascertain from the insurance policy: 1) the intended benefits - "Long Term Disability Benefit Plan;" 2) the class of beneficiaries - "All Actively at Work Full-Time Employees;" 3) the source of financing for the benefits - PDS paid the premiums for the insurance coverage, and; 4) the procedures for receiving benefits - "Section IV Benefit Administration." United Wisconsin Insurance Co. Group Ins. Policy # 0045851 0000. The second requirement is met because a reasonable person should be able to ascertain the intended benefits, the class of beneficiaries, the source of financing for the benefits, and the procedures for receiving benefits from the policy itself.

The third Thompson requirement, that the plan was established or maintained by the employer with the intent of providing benefits to its employees has been met. It is clear from the policy outline that the plan was established by Plaintiff's employer in order to provide benefits to all of its actively at work, full-time employees. Thus, all three requirements have been met, and the disability insurance policy falls under ERISA regulation.

The next jurisdictional question that must be answered is whether removal is proper based on ERISA. Not all claims preempted by ERISA will give rise to federal court jurisdiction over the claims. Warner v. Ford Motor Co., 46 F.3d 531, 534 (6th Cir. 1995). In order for a district court to have jurisdiction, ERISA cannot merely be used as a defense to state law claims. Id., at 533. Rather, a plaintiff's state common law or statutory claims must fall within ERISA's civil enforcement provision so that ERISA's extraordinary preemptive force converts the

5

"ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 65-66 (1987). For ERISA's civil enforcement provision, 29 U.S.C. § 1132(a), to apply, the state common law complaint must be able to be characterized as an action to recover benefits due to a participant or beneficiary, to enforce a participant's or beneficiary's rights under the plan, or to clarify a participant's or beneficiary's rights to future benefits under the terms of the plan. Id., see also Warner, 46 F.3d at 534.

Looking at Plaintiff's complaint, he alleges in Count I that Defendant breached the disability insurance contract when it discontinued benefit payments despite Plaintiff's compliance with the terms of the contract. In Count II, Plaintiff alleges Defendant committed fraud and misrepresentation when it did not follow the procedures for claims administration outlined in the contract. Thus, in these two counts, Plaintiff complains only about denial of benefits promised under the terms of an insurance contract, and not to remedy any violation of a legal duty independent of ERISA. Aetna Health Inc., v. Davila, 542 U.S. 200, 214- 215 (2004), Marks v. Newcourt Credit Group, 342 F.3d 444, 453 (6th Cir. 2003). Therefore, Plaintiff's Counts I & II are preempted by ERISA's field preemption principles.

In Count III, Plaintiff alleges that Defendant did not comply with state statutory duties when its discontinued Plaintiff's disability benefit payments. The important element of Count III is that the statutory duties arise from a state law that regulates insurance. As such, ERISA preempts "even a state law that can arguably be characterized as 'regulating insurance' . . . if it provides a separate vehicle to assert a claim for benefits outside of, or in addition to, ERISA's remedial scheme." Davila, 542 U.S. at 217-218. Count III is a claim for benefits that is outside

of, or in addition to, ERISA's remedial scheme. Therefore, Plaintiff's Count III is preempted under conflict preemption principles, and Defendant has shown, by a preponderance, that the plan falls under ERISA regulation. Because all of Plaintiff's claims are preempted by ERISA, Defendant's motion to dismiss on independent state grounds will not be considered.

### IV. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is **GRANTED. IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand is **DENIED. IT IS FURTHER ORDERED** that Plaintiff is Granted Leave to Amend Complaint.

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: November 30, 2005

### CERTIFICATE OF SERVICE

Copies of this Order were served upon Francis Ortiz and Nicole Winston on this date by ordinary mail and electronic filing.

s/Bernadette M. Thebolt
DEPUTY CLERK