UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


VINCENT McTAGGART,

        Plaintiff,

v.                                                  Case No. 05-73183
                                                    Hon. Sean F. Cox

UNITED WISCONSIN INSURANCE
COMPANY,

        Defendant.

_____

## <u>OPINION AND ORDER</u>

In this ERISA[1] action, Plaintiff challenges Defendant's decision to terminate Plaintiff's

long-term disability benefits. The matter is currently before the Court on Plaintiff's objections to

the April 5, 2007 Report and Recommendation of Magistrate Judge Virginia Morgan wherein

she recommended that the Court grant Defendant's motion seeking entry in its favor and deny

Plaintiff's cross-motion. The Court declines to hear oral argument pursuant to E.D. Mich. L.R.

7.1. For the reasons that follow, the Court shall ADOPT the Report and Recommendation,

GRANT Defendant's motion, and DENY Plaintiff's cross-motion.

## <u>BACKGROUND</u>

On July 21, 2005, following Defendant's decision to terminate his long-term disability

benefits, Plaintiff filed suit against Defendant in the St. Clair County Circuit Court. Defendant

removed the action to this Court on August 17, 2005. The Honorable Marianne Battani was

---

[1]Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq*.

1

originally assigned to this case. Following removal, Defendant filed a Motion to Dismiss and Plaintiff filed a Motion for Remand. On November 30, 2005, Judge Battani issued an order denying Plaintiff's Motion for Remand. [Docket Entry No. 10].

This case was subsequently reassigned to this Court on June 28, 2006.

On October 13, 2006, Defendant filed a motion seeking judgment in its favor and on October 14, 2006, Plaintiff filed a cross-motion asking the Court to reverse Defendant's decision to terminate benefits. The Motions were referred to Magistrate Judge Virginia M. Morgan for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. §636(b)(1)(B).

On April 5, 2007, Judge Morgan issued an R&R recommending the Court grant Defendant's Motion for judgment and deny Plaintiff's cross-motion.

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within ten (10) days after being served with a copy of the R&R. Plaintiff filed timely objections to the R&R on April 20, 2007, and those objections are currently before the Court.

## ANALYSIS

The bulk of Plaintiff's brief setting forth his objections to the R&R is devoted to the issue of the appropriate standard of review to be applied by the Court to the benefits determination at issue. Plaintiff asserts that Magistrate Judge Morgan applied the wrong standard of review to the benefits determination in that a *de novo* review should have been applied, rather than the highly deferential "arbitrary and capricious" standard. For the reasons that follow, the Court overrules Plaintiff's objections relating to the applicable standard of review and concludes that Magistrate Judge Morgan applied the correct standard of review.

Judge Battani previously ruled that the policy at issue in this case, the "United Wisconsin Insurance Company Group Insurance Policy #004581 0000", is an ERISA welfare benefit plan. (*See* Docket Entry No. 10). It is well established that where an ERISA plan grants the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the Plan, the highly deferential "arbitrary and capricious" standard of review is appropriate. *Yeager v. Reliance Life Ins. Co.*, 88 F.3d 376, 381 (6th Cir. 1996). Thus, Magistrate Judge Moran looked to the terms of the plan (*i.e.* the above referenced policy) to determine the appropriate standard of review.

The plan states that "We shall have full and final discretionary authority in disputes concerning Benefits and the exclusive power and duty to conclusively construe and interpret the terms of the policy. We shall determine all questions of coverage and eligibility for Benefits under the policy. Our decision shall be binding." (*See* certified copy of the plan, attached as Ex. A to Docket Entry No. 20, at 6). The plan further provides that "we" and "our," as used in the plan, refer to United Wisconsin Insurance Company. (*Id*. at 4). Magistrate Judge Morgan concluded that construing the above language in its ordinary and popular sense, the only reasonable interpretation is that the Plan grants discretionary authority to Defendant to determine eligibility for benefits and to construe the terms of the Plan. Thus, she concluded that because the Plan grants discretionary authority to Defendant, the arbitrary and capricious standard of review applies to the benefits determination made by Defendant.

Plaintiff objects to that ruling on several grounds. Plaintiff claims that conclusion was error because "[t]here is no plan document contained in the Administrative Record that was submitted for the Court's review in this case." (Pl.'s Objs. at 4). Plaintiff claims that the Court

is precluded from considering anything outside of the Administrative Record and, because the policy is not part of the Administrative Record, it cannot be considered by the Court when determining the applicable standard of review.[2]  Plaintiff also notes that Defendant submitted the policy to the Court with its motion, but once again argues that the policy should not be considered an ERISA plan for numerous reasons.

The Court finds these objections to have no merit.  First, Judge Battani previously ruled, in an Order dated November 30, 2005, that the policy at issue here is an ERISA welfare benefits plan.  (*See* Docket Entry No. 10).  That determination cannot be revised under the law of the case doctrine.  *See United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994)("Under the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation.").

Second, the Court also rejects Plaintiff's argument that the Court is precluded from examining the plan itself simply because it was not included in the Administrative Record.  The same argument was made to, and rejected by, the Sixth Circuit in *Bass v. TRW Employee Welfare Benefits Trust,* 86 Fed.Appx. 848 (6th Cir. 2004).  *See also Brooking v. Hartford Life and Accident Ins. Co.*, 167 Fed.Appx. 544, 547 n.4 (6th Cir. 2006).  In *Bass,* the court noted that the plaintiff was "unquestioningly correct in his assertion that a district court when reviewing a plan administrator's denial of benefits cannot look past the administrative record."  *Bass*, 86 Fed.Appx. at 851.  It further explained that "[t]he case law makes clear, however, that the rule was intended to prevent the courts from looking past the evidence of disability - medical reports,

---

[2]Although, notably, Plaintiff attached the plan as Exhibit 1 to her own motion. (*See* Docket Entry No. 21).

correspondence, test results, and the like - considered by the plan administrator; it does not suggest that the rule covers the benefits plan itself, which is in the nature of a contract." *Id.*

The Court overrules all of Plaintiff's objections relating to the applicable standard of review and concludes that Magistrate Judge Morgan appropriately applied the highly deferential arbitrary and capricious standard of review.

The Court also finds Plaintiff's remaining objections to be equally without merit and shall overrule those objections as well. The Court concurs with Magistrate Judge Morgan's decision that the conflicts in medical and vocational opinions in this case leads to the conclusion that Defendant's decision to deny benefits was not "arbitrary or capricious."

<u>CONCLUSION & ORDER</u>

Accordingly, the Court **ACCEPTS** and **ADOPTS** the April 5, 2007 R&R**. IT IS ORDERED** that Plaintiff's motion [Docket Entry No. 21] is **DENIED** and Defendant's cross-motion [Docket Entry No. 20] is **GRANTED. IT IS FURTHER ORDERED** that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.


S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: September 14, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 14, 2007, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager

5